**Jack P. McGEE, Plaintiff-Appellant,**

v.

**FIRST FEDERAL SAVINGS and LOAN ASSOCIATION OF BRUNSWICK, Defendant-Appellee.**

No. 84–8923
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 28, 1985.

William H. Glover, Jr., Brunswick, Ga., Herbert P. Schlanger, Atlanta, Ga., for plaintiff-appellant.

John E. Bumgartner, Brunswick, Ga., for defendant-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Plaintiff, Jack P. McGee, a real estate appraiser in Brunswick, Georgia, appeals the dismissal of his antitrust claim that defendant, First Federal Savings & Loan Association of Brunswick, violated antitrust laws by setting up an arrangement whereby First Federal would refer the appraisal required for real estate loans to a wholly owned subsidiary. Alleging the procedure constituted an illegal tying arrangement, plaintiff claimed conspiracy in restraint of trade (15 U.S.C.A. § 1), an attempted monopolization (15 U.S.C.A. § 2), an illegal tying agreement (12 U.S.C.A. § 1972), and a RICO violation (18 U.S.C.A. § 1962). For the reasons set out in the district court's opinion, we affirm.

Aside from the facts, two legal principles were central to the grant of summary judgment. First, in light of *Copperweld Corp. v. Independence Tube Corp.*, —— U.S. ——, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984), a parent corporation and its subsidiary are incapable of engaging in the concerted activity required for a violation of section 1 of the Sherman Act, even though a separate corporation is required for independent appraisal purposes.

Second, to support a claim of an illegal tying arrangement, the law requires a showing of two distinct products: a tying product, in the market for which defendant has economic power, and a tied product, which defendant forces on consumers wishing to purchase the tying product. *Jefferson Parish Hospital District No. 2 v. Hyde*, —— U.S. ——, ——, 104 S.Ct. 1551, 1565, 80 L.Ed.2d 2, 21 (1984). There are not two distinct products involved in the alleged situation. An appraisal is performed for the benefit of the lending institution. It is the "consumer" of the appraisal product. There is no legitimate consumer demand by a borrower to purchase loan-related appraisal services separate from the purchase of the loan itself. Federal regulation requires *the lending institution* to commission the appraisal. *See* 12 C.F.R. § 545.32(b)(1) (1984). The appraisal's cost is simply passed on to the

borrower as a business cost. *See* 24 C.F.R. § 3500.7. Plaintiff failed to demonstrate that the pre-loan appraisal is provided to the borrower as a product separate from the loan itself.

AFFIRMED.